UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| William T. Mullikin,<br>    Plaintiff<br>v.<br><br>Bath Fitter Tennessee, Inc.<br>    Defendant. | Case No.:<br><br>**COMPLAINT**<br>(Jury Trial Requested) |

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for sexual harassment under Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a.    A charge of employment discrimination on basis of racial discrimination, gender discrimination, and sexual harassment was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b.    Notification of the Right to Sue was received from the Equal Employment Opportunity Commission on or about January 25, 2017.

    c.    This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, William Todd Mullikin, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the County of Charleston, State of South Carolina.

5. Defendant, Bath Fitter Tennessee, Inc, is upon information and belief, is a foreign corporation organized in the State of Tennessee, and operating under the laws of the State of South Carolina located in this judicial district.

6. Defendant Company is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant Company is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant Company employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. Plaintiff began working for the Defendant on or about August 26, 2015.

11. At all times, Plaintiff was efficient and effective in his work.

12. Beginning in December 2015, Defendant's administrative coordinator, Rhonda Blevins, would speak to the Plaintiff in inappropriate ways and with sexual overtones.

13. Beginning in or around January 2016, Ms. Blevins would enter Plaintiff's office, rub his shoulders and hold his hands.

14. Plaintiff asked Ms. Blevins to stop on several occasions.

15. In or around February 2016, Plaintiff informed Ms. Blevins that he had a dermatology appointment. Ms. Blevins pulled down her shirt to show Plaintiff a mole, exposing both of her breasts.

16. Between March and April 2016, Ms. Blevins would repeatedly grab her breasts and shake them at Plaintiff. Ms. Blevins would also grab Plaintiff's sides and squeeze them.

17. Plaintiff was subjected to inappropriate conversations where Ms. Blevins would talk about blowjobs in front of Plaintiff and Defendant employees Cori Medlin and Susan Thaschler.

18. On or about April 2, 2016, Plaintiff reported the sexual harassment to Defendant branch manager, Myles Alexander. Despite Plaintiff's report, the harassment continued.

19. On or about April 16, 2016, Mr. Alexander made a blanket comment to all Defendant employees about sexual harassment during a meeting. Immediately after the meeting Ms. Blevins grabbed Plaintiff's butt and stated "sexual harassment, I hope I didn't offend you."

20. Following his reports of the harassment, Plaintiff immediately was retaliated against by Defendant employees. Michael Cooper, an employee of Defendant, approached Plaintiff and put his face very close to Plaintiff's stating that Plaintiff "got [Cooper's] friend fired." Plaintiff immediately felt threatened by the actions of Mr. Cooper.

21. Multiple employees of Defendant began to refuse participation in certain projects, argue with Plaintiff about commissions, and fail to complete assignments. This retaliation caused Plaintiff's sales and commissions to drop.

22. On or about July 27, 2016, Plaintiff sent a letter to Defendant's Human Resources reporting the retaliation and harassment (non-sexual) that he was subjected to as a result of reporting the sexual harassment of Ms. Blevins.

23. Defendant Director of Human Resources stated he would look into the accusations, but Plaintiff's coworkers continued harassing and alienating him through October 2016.

24. On or about October 17, 2016, Plaintiff was constructively discharged from his employment with Defendant.

25. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

26. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses

## FOR A FIRST CAUSE OF ACTION
## SEXUAL HARASSMENT TITLE VII OF CIVIL RIGHTS ACT OF 1964

27. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28. Defendant, as the Plaintiff's and Ms. Blevin's employer, was wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

   a. In visual, physical, and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

   b. In continually allowing Ms. Blevins to maintain her presence near the Plaintiff while at work in an uncomfortable and inappropriate manner; and

   c. In refusing to resolve the sexual harassment.

29. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, Plaintiff has suffered injuries, both physically and mentally.

30. The Defendant violated the Civil Rights of the Plaintiff within Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), 46 ALR Fed 224 by allowing sexual harassment in the workplace.

31. As a direct and proximate result of the acts and practices of Defendant in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

32. That in failing to protect the Plaintiff from sexual harassment and preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act.

33. The Plaintiff's complaints of sexual harassment were a determining factor in the disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's complaints of sexual harassment and a hostile work environment, he would not have been constructively discharged.

34. Wherefore, the Plaintiff is entitled to injunctive relief and/or civil damages from the Defendant as a result of the employment discrimination as alleged above.

35. That the constructive discharge of the Plaintiff by the Defendant was the response by the Defendant, its agents and servants, to the Plaintiff's reports and complaints of sexual harassment, lewd and inappropriate behavior of Ms. Blevins.

36. That the unjust disciplinary actions and constructive discharge of the Plaintiff was the response by the Defendant, its agents and servants, to the Plaintiff's reports and complaints of sexual harassment in the workplace.

37. That the aforesaid conduct of the Defendant, its agents, and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, after complaints of a hostile work environment, and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

## FOR A SECOND CAUSE OF ACTION
## RETALIATION

38. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

39. That as alleged above, Plaintiff complained to the Defendant on several occasions about sexual harassment.

40. That Plaintiff's complaints were made in good faith, and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

41. That shortly after making said complaints, the Defendant constructively discharged the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

42. The Defendant's stated reasons for retaliation were mere pretext for the retaliation against Plaintiff based on him engaging in protected activity.

43. The Plaintiff's reports of sexual harassment were determining factors in the retaliation and discharge of Plaintiff. But for Plaintiff's reports of sexual harassment, he would not have been constructively discharged.

44. Wherefore, the Defendant's retaliation against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

45. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

46. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

47. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

48. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

49. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

50. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

### FOR A THIRD CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT

51. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

52. Once Plaintiff asserted his rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), Plaintiff was subjected to adverse terms and conditions by the Defendant, causing a hostile work environment.

53. The Defendant's wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), by allowing a hostile work environment to exist in the workplace.

54. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

55. That the aforesaid constructive discharge of Plaintiff's employment constitutes a violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

56. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## **REQUEST FOR RELIEF**

57. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

58. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

59. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for mental pain and suffering, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/*Emily Hanewicz Tong*
Emily Hanewicz Tong (Federal I.D. #12177)
Attorney for the Plaintiff
8086 Rivers Avenue
North Charleston, SC  29406
(843) 553-9800

Charleston, South Carolina
April 18, 2017.